UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

ESIQUIO GUERRERO RODRIGUEZ,

Petitioner,

v. No. 1:26-CV-373-H

BRET BRADFORD, et al.,

Respondents.

**ORDER**

Esiquio Guerrero Rodriguez entered the United States illegally in 1999. *See* Dkt. No. 1 at 10–11. In June 2026, ICE detained Guerrero Rodriguez and issued him a Notice to Appear, charging him with removability as an alien "present in the United States without admission or parole." *Id.* at 11–12; *see* 8 U.S.C. § 1182(a)(6)(A)(i). He is held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. No. 1 at 13–14. Before the Court is Guerrero Rodriguez's habeas petition, which demands his immediate release or an individualized bond hearing based on the Fifth Amendment's Due Process Clause and the *Accardi* doctrine. Dkt. No. 1.

A district court considering an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court has discretion to deny the writ without issuing a show cause order. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered Guerrero Rodriguez's factual allegations and legal contentions. It has also considered hundreds of habeas petitions that sought relief on the same grounds as Guerrero Rodriguez's petition and has determined that:

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723–26 (N.D. Tex. 2026); *Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747, 759–60 (N.D. Tex. 2026). And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26.

- *Accardi* claims, including claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Chi v. Warden, Bluebonnet Det. Facility*, No. 1:26-CV-067, 2026 WL 1062625, at *5–6 (N.D. Tex. Apr. 13, 2026).

Guerrero Rodriguez raises the same arguments as the cases above. The Court previously found these arguments unavailing. After considering them anew in this petition, the Court concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Guerrero Rodriguez is not entitled to relief, the Court denies the petition (Dkt. No. 1).

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on August 25, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez v. Ortega*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 180 F.4th 702 (5th Cir.), *vacated*, 181 F.4th 608 (5th Cir. 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219 & 26-50221, Dkt. No. 178-1.